**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:21-cv-00183-RJC**

| | |
|---|---|
| SHANNON SETZER LYNN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (DEs 11, 13). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Shannon Lynn ("Ms. Lynn") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Ms. Lynn filed her application for disability insurance benefits on July 8, 2015, with an alleged onset date of June 19, 2015. (Tr.[1] 27).

In denying Ms. Lynn's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 27–38). At step one, the ALJ found that Ms. Lynn had not engaged in substantial gainful activity since the alleged onset date. (*Id.* at 29). At step two, the ALJ found that Ms. Lynn

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 9.

had the following combination of severe impairments: systemic lupus erythematosus, degenerative disc disease and spondylosis of cervical and lumbar spine with radiculopathy, bladder instability with incontinence (status-post surgery x2 vaginal mesh), chronic obstructive pulmonary disease ("COPD"), fibromyositis, obstructive sleep apnea, osteoarthritis for the bilateral knees, bilateral hand osteoarthritis (mild), obesity, depression, anxiety, post-traumatic stress disorder ("PTSD"), and bipolar disorder. (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 30–32). Before moving to step four, the ALJ found that Ms. Lynn had the residual functional capacity ("RFC") to perform light work as explained below:

> [T]he claimant ha[s] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) except with option to alternate between sitting and standing at will as long [as] not off task or away from the workstation; no climbing ladders, ropes, or scaffolds; occasional stooping and climbing ramps and stairs; frequent balancing, kneeling, crouching, and crawling; frequent pushing/pulling with the bilateral upper extremities; frequent handling and fingering bilaterally; frequent operation of hand controls bilaterally; occasional exposure to fumes, odors, dusts, gases, and other pulmonary irritants; can understand, remember, and perform simple, routine job tasks; no interaction with the public; occasional interaction with co-workers (not requiring group tasks or collaboration); able to tolerate few changes in a routine work setting; and requires a low stress work environment.

(*Id.* at 32). At step four, the ALJ found that Ms. Lynn could perform her past relevant work as a spinner and deli slicer. (*Id.* at 36). In the alternative, the ALJ also found that Ms. Lynn could perform jobs that exist in significant numbers in the national economy, such as an office helper (214,000 jobs), assembl[er] (330,000 jobs), and packager (316,000 jobs). (*Id.* at 37).

After exhausting her administrative remedies, Ms. Lynn brought the instant action for review of Defendant's decision denying her application for disability insurance benefits under Title II of the Social Security Act. (DE 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is

"substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Plaintiff raises two general challenges: (1) the RFC is unsupported by substantial evidence and (2) the ALJ misevaluated her subjective complaints. In response, Defendant argues the ALJ's decision was proper. This Court agrees.

**A. RFC Analysis**

Turning to the RFC analysis, Plaintiff argues the RFC is unsupported by substantial evidence because (i) the ALJ used an incorrect legal framework, (ii) the ALJ improperly determined the RFC before analyzing limitations function by function, and (iii) the ALJ failed to logically explain the RFC.

i. Proper Legal Framework

Plaintiff argues the ALJ violated *Dowling*. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). In *Dowling*, the Fourth Circuit found "the ALJ relied on an incorrect regulatory framework when he assessed Appellant's RFC" because "[h]e did not cite to 20 C.F.R. § 416.945 . . . Nor did he cite to SSR 96-8p." 986 F.3d at 387. "Instead, the ALJ's RFC determination was based entirely on SSRs 96-7p and 16-3p." *Id.*

Here, in describing the applicable law for determining a claimant's RFC, the ALJ cited 20 C.F.R. § 404.1545 and SSR 96-8p. (Tr. 28). The ALJ thus cited the exact SSR that Plaintiff argues was omitted. Moreover, the regulation in *Dowling*, 20 C.F.R. § 416.945, is inapplicable here as the "regulations in this part 416 . . . relate to the provisions of title XVI of the Social Security Act." 20 C.F.R. § 416.101. However, Plaintiff's disability claim is under title II. Accordingly, 20 C.F.R. § 404.1545 is the pertinent regulation on the residual functional capacity that relates to title II claims. *See* 20 C.F.R. § 404.1 ("The regulations in this part 404 . . . relate to the provisions of title

4

II of the Social Security Act."). And, regardless, 20 C.F.R. § 404.1545 and 20 C.F.R. § 416.945 are analogs to one another and provide nearly identical descriptions of the residual functional capacity assessment so any error would most likely be harmless.

  ii.  Proper RFC Determination After Function-By-Function Analysis

Next, Plaintiff argues the ALJ violated *Monroe* by expressing the RFC and then concluding Plaintiff's impairments were consistent with the RFC. *Monroe v. Colvin*, 826 F.3d 176, 187–88 (4th Cir. 2016). In *Monroe*, the Fourth Circuit held than ALJ must perform a function-by-function analysis before determining the RFC. *Id.* at 187 ("Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work.") (internal quotations omitted). In particular, ALJ's should not engage in post hoc rationalizations "[b]y expressing [claimant]'s RFC first and only <u>then</u> concluding that the limitations caused by [claimant]'s impairments were consistent with that RFC." *Id.* at 188. However, the Fourth Circuit noted this is not a per se rule and advised that remand is more proper when an "ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.*

Here, there was no violation of *Monroe*. Before listing the RFC, the ALJ performed a functional analysis on Plaintiff's physical limitations (including degenerative disc disease, chronic pulmonary insufficiency, systemic lupus erythematosus, and obesity) as well as Plaintiff's mental limitations (including understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself). Then, after listing the RFC, the ALJ explained how the RFC was consistent with Plaintiff's ability to function in light of her impairments. These impairments included urinary incontinence, disc degeneration, lupus, fibromyositis, bilateral knee osteoarthritis, obesity, sleep apnea, and COPD. Accordingly, the ALJ did not violate *Monroe* by drafting the RFC and then determining that the

5

limitations where consistent with the RFC. Instead, the ALJ determined the RFC in light of Plaintiff's limitations and ensured the RFC was consistent with those limitations.

Plaintiff also generally argues that record evidence contradicts the ALJ's functional analysis. However, as explained below, the ALJ's RFC is supported by substantial evidence and "[i]n reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

### iii. The RFC is Supported by Substantial Evidence and the ALJ Logically Explained her Conclusions

Substantial evidence requires "more than a scintilla" such that a reasonable mind might accept as adequate the evidence. *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); s*ee also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence."). Here, in determining the RFC, the ALJ relied on Plaintiff's subjective complaints; statements from Plaintiff's husband; medical evidence of physical impairments including bladder instability, degenerative disc, lupus, fibromyositis, bilateral knee osteoarthritis, obesity, sleep apnea, and COPD; medical evidence of mental impairments including depression, anxiety, PTSD, and bipolar disorder; opinions of medical providers; and a Global assessment functioning ("GAF") score. Such evidence is more than a scintilla and is sufficient, such that a reasonable mind would accept it as adequate.

In addition to providing substantial evidence, the ALJ built an accurate and logical bridge from the evidence to the conclusion. In determining the RFC, "an ALJ must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods*

6

*v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quotations omitted). "In other words, the ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Id.* (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). "[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). Here, Plaintiff generally alleges that the ALJ's "RFC contains too little logical explanation for this Court to conduct meaningful review." (DE 12 at 10). This Court disagrees.

When analyzing Plaintiff's subjective complaints, the ALJ noted that "claimant testified that she is doing okay physically" and that claimant reported letting the dogs out, washing dishes, cleaning the house, and driving. (Tr. 33). In analyzing Plaintiff's physical impairments, the ALJ provided the following explanations regarding Plaintiff: her bladder instability is "reported as doing well post-surgery since she reported that she does not need to wear pads," she is receiving no ongoing treatment for degenerative disc disease, she has mild arthritis in her hands, her osteoarthritis in her knees is treated with cortisone injections, she fails to utilize a CPAP for her sleep apnea, and she continues to smoke daily despite her COPD diagnosis. (Tr. 33–34). In analyzing Plaintiff's mental impairments, the ALJ noted that Plaintiff's attention span and concentration were intact, impulse control was adequate, and her bipolar disorder was in remission. (Tr. 35). Finally, in assessing the medical opinion, the ALJ explained the weight given to each opinion. The ALJ thus went through the evidence and explained how it supported her conclusion, thereby building an accurate and logical bridge from the evidence to her conclusions.

Of note, the only specific error that Plaintiff notes is that "the ALJ did not explain how Ms. Lynn can perform the assigned RFC for a full workday, five days per week." (DE 12 at 10). While the ALJ did not state in her analysis that the RFC was for a full workday, five days per week, the

ALJ cited to 20 C.F.R. § 404.1545 which states that the RFC is "what you can do in a work setting." The ALJ also discussed the opinions of the State agency consultants, which concerned how many hours in an eight-hour workday that Plaintiff could stand, walk, and/or sit. (Tr. 35, 100, 120). Accordingly, it is clear that the ALJ determined the RFC based on a normal work schedule.

### B. Evaluation of Subjective Complaints

Plaintiff further argues the ALJ misevaluated her subjective complaints because (i) the ALJ used an incorrect legal standard and (ii) the ALJ improperly discounted her testimony.

#### i. Proper Legal Standard

Plaintiff argues the ALJ violated *Arakas* because the ALJ required objective evidence of her subjective complaints. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In *Arakas*, the Fourth Circuit ordered remand where the ALJ "improperly discount[ed] Arakas's subjective complaints of pain and fatigue, based largely on the lack of objective medical evidence substantiating her statements." *Id.* at 95–96. In particular, the Fourth Circuit found that because "fibromyalgia typically [does] not produce clinical and laboratory abnormalities," the ALJ erred by "effectively require[ing] objective evidence for a disease that eludes such measurement." *Id.* at 96 (internal quotations omitted). Thus, *Arakas* stands for the proposition that an ALJ cannot "effectively require" objective evidence of fibromyalgia. *Id.* at 97.

Here, *Arakas* is inapposite because Plaintiff does not have fibromyalgia as an impairment. Plaintiff does not dispute this. Moreover, in cases like the present one, which do not involve fibromyalgia, the ALJ's reliance on the entire record, including objective evidence, is consistent with applicable regulations.[2]

---

[2] *See, e.g.*, 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."); *see also id.* at § 404.1529(c)(4) ("[I]n reaching a conclusion as to whether you are disabled [, w]e will consider whether there are any inconsistencies in the evidence and the extent to which

8

Case 3:21-cv-00183-RJC Document 15 Filed 08/12/22 Page 8 of 10

ii. ALJ Properly Accounted for Plaintiff's Testimony

Plaintiff argues that the ALJ again violated *Arakas* by over-emphasizing Plaintiff's ability to perform activities of daily living without acknowledging Plaintiff's statements that she was limited in those activities. As previously stated, *Arakas* is inapposite because fibromyalgia is not at issue in this case. Regardless, the ALJ did acknowledge Plaintiff's statements.

For example, Plaintiff argues the ALJ did not acknowledge that she testified it was hard for her to sweep, mop, and vacuum, and that the heaviest thing she can pick up is a laundry basket. However, the ALJ noted that Plaintiff "testified that she could cook small meals, grocery shop, and sweep/mop/vacuum with difficulty." (Tr. 33). The addition of the phrase "with difficulty" explains that the ALJ understood and acknowledged Plaintiff's testimony that she was limited in those activities. Accordingly, the ALJ properly addressed Plaintiff's statements and was within his right to determine the consistency between record evidence and Plaintiff's subjective testimony.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (DE 11), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (DE 13), is **GRANTED**; and

3. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

---

there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.").

Signed: August 12, 2022

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge

10

Case 3:21-cv-00183-RJC   Document 15   Filed 08/12/22   Page 10 of 10